1999 PA Super. 7

**Gloria FAY, Individually and as Administratrix of the Estate of Daniel P. Fay, Sr., Deceased, Appellant,**

v.

**ERIE INSURANCE GROUP, a Corporation, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1998.

Filed Jan. 12, 1999.

William M. Radcliffe, Uniontown, for appellant.

Susan H. Malone, Pittsburgh, for appellee.

Before FORD ELLIOTT, JOYCE, and TAMILIA, JJ.

JOYCE, J.:

¶ 1　This is an appeal from the final order of the trial court which sustained the preliminary objections in the nature of a demurrer filed by Appellee, Erie Insurance Group (Erie) and dismissed the complaint filed by Appellant, Gloria Fay. For the reasons set forth below, we affirm. Before addressing the merits of Appellant's claims, we will recount the pertinent facts giving rise to this appeal.

¶ 2　Appellee issued two automobile insurance policies to Gloria Fay and her husband, Daniel Fay, Senior.[1]　Each policy provided the Fays with first party benefits including accidental death benefits. The accidental death benefits were available for each of the Fays' vehicles except the trailer. Thus, the Fays were charged for and paid premiums for three accidental death benefits. As mandated by the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. § 1717, the policies further expressly precluded the stacking of first party benefits.

¶ 3　On January 23, 1996, Daniel Fay died as a result of injuries he sustained in an automobile accident. Gloria Fay was appointed as the administratrix of her husband's estate. Acting in both her individual and fiduciary capacities, Appellant filed the instant complaint against Appellee in September of 1997.

---

1.　The first policy, number Q06 0805040, named Gloria and Daniel Fay as insureds and covered a 1994 Ford Explorer and 1995 Geo Metro. The second policy, number Q11 0130475, only named Daniel Fay as an insured and covered a 1988 Chevy Truck and a 1979 General Trailer.

¶4 The complaint averred a class action suit under the Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1 – 201-9.3. Appellee filed preliminary objections. The trial court sustained the objections but permitted Appellant to file an amended complaint. Appellant complied and filed an amended complaint on January 20, 1998. Appellee again filed preliminary objections. Because the amended complaint was substantially similar to the first, the trial court again sustained the objections and dismissed the complaint with prejudice.

¶5 Appellant timely appealed and presents the following issues for our review: (1) whether the UTPCPL requires an express misrepresentation or fraudulent concealment in order to be actionable; and (2) whether Appellee implicitly misrepresented that the coverage had value by charging and collecting a premium for duplicative accidental death benefits. As Appellant's claims are inextricably intertwined, they will be addressed together.

> Where a preliminary objection in the nature of a demurrer is sustained, an appellate court's review is limited. All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Moser v. Heistand,* 545 Pa. 554, 559, 681 A.2d 1322, 1325 (1996) (citation omitted). We need not accept a party's allegations as true to the extent they constitute conclusions of law. *Scarpitti v. Weborg,* 530 Pa. 366, 368, 609 A.2d 147, 148 (1992). We will examine the trial court's decision and appellant's arguments mindful of these principles.

¶6 As previously noted, Appellant seeks relief under the UTPCPL. We observe, however, that unfair or deceptive insurance practices are generally subject to the Unfair Insurance Practices Act (UIPA). 40 P.S. § 1171.2. The UIPA is enforced by the Insurance Commissioner. *Id.* at § 1171.7. It does not provide a private cause of action. *See Gordon v. Pennsylvania Blue Shield,* 378 Pa.Super. 256, 548 A.2d 600, 603 (Pa.Super.1988) (holding that whether raised as a primary or secondary claim, an alleged violation of the UIPA cannot be entertained by this court). Nonetheless, this Court has recognized that the UIPA is not the sole deterrent to allegedly unfair or deceptive insurance practices and has permitted a separate action to be maintained under the UTPCPL. *Id.*

¶7 The provisions of the UTPCPL permit "any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section [201-3]...to bring a private action...." 73 P.S. § 201-9.2(a). Section 201-3 makes it unlawful to engage in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by...section [201-2]." Section 201-2(4)(v) defines "unfair methods of competition" and "unfair or deceptive acts or practices" to mean, in relevant part, "representing that goods or services have...characteristics, benefits or quantities that they do not have...."

¶8 To set forth a cause of action under section 201-2(4)(v), a plaintiff must establish that a defendant's representation is false, that it actually deceives or has a tendency to deceive and that the representation is likely to make a difference in the purchasing decision. *DiLucido v. Terminix International Inc.,* 450 Pa.Super. 393, 676 A.2d 1237, 1240-1241 (Pa.Super.1996), *appeal denied,* 546 Pa. 655, 684 A.2d 557 (1996). Moreover, a plaintiff has the burden of establishing a causal connection to or reliance on the alleged misrepresentations. *Id.,* 676 A.2d at 1241. Appellant has not satisfied these requisites here.

¶9 Appellant maintains that Appellee implicitly misrepresented the value of the accidental death benefits by offering and charging premiums for multiple benefits

when it knew that the insureds would be entitled to only one recovery in the event of a claim under the policy. Appellant's Brief at 12–13. *See also* Amended Complaint, filed 1/20/98, at paragraphs 22–28. Contrary to Appellant's assessment, the insurance policy clearly provides that:

Benefits shall not be increased for any person we protect by adding together the limits of liability:

1. under this policy because there are multiple motor vehicles covered under this policy, or

2. under multiple motor vehicle policies covering a person we protect for the same loss.

Amended Complaint, Exhibit A, at 3 (First Party Benefits Endorsement to Appellant's Auto Insurance Policy). The policy further states that "[n]o person we protect shall recover duplicate benefits for the same elements of loss under this or any other similar automobile insurance including self-insurance." *Id.* at 4.

¶ 10 We further note that the purchase of first party benefits, except for medical benefits, is optional. *See* 75 Pa.C.S.A. § 1711(a) (mandating that insurance policies provide a medical benefit of $5,000.00); 31 Pa.Code § 68.203(b) (providing that first party benefits other than medical benefits are optional). In fact, the declarations page of the policy covering Daniel Fay specifically advised that only liability and first party medical benefit coverage are required by law and that additional coverage is provided at the insured's request. Amended Complaint, Exhibit C, at 2 (Declarations Page of Policy Number Q111 0130475). Appellant and her husband thus could have opted to waive the accidental death benefit coverage entirely or waive it on their second and third vehicles.

¶ 11 If Appellant and her husband were confused by the premiums or the extent of coverage, then it was incumbent upon them to have questioned this practice at the time the policy was issued. They did not do so and paid the premiums for each accidental death benefit. Appellant concedes that the policy did not misrepresent the stacking of first party benefits and asserts that she is not seeking to stack the accidental death benefits. Appellant's Brief at 12.

¶ 12 To the extent that any misrepresentations regarding the value of the benefits can be inferred from the fact that premiums were charged and collected thereon, it was corrected by the other provisions of the policy which clearly and unambiguously prohibit the stacking of first party benefits for the same loss. More importantly, the amended complaint is devoid of any allegations that the Fays either relied on Appellee's alleged misrepresentation as to the value of the accidental death benefits or that their loss was attributable to their reliance on the misrepresentation. Under these circumstances, Appellant cannot establish the existence of a misrepresentation, let alone a causal connection or reliance thereon. Because Appellant has failed to set forth a cause of action under the UTPCPL, the trial court did not err in sustaining Appellee's preliminary objections and dismissing the complaint.

¶ 13 In reaching this result, we are not unmindful of the fact that the insurer's practice of offering and collecting premiums for duplicative benefits that cannot be collected may appear to be unfair. However, motor vehicle insurance is a matter that is heavily regulated by both statute and the Insurance Commissioner. The policy here complied with the MVFRL and Appellee is entitled to charge premiums, the rates of which are approved by the Insurance Commissioner, for first party benefits requested by its insureds. If Appellant deems the practice objectionable, her remedy is to bring this matter to the attention of the legislature or the Insurance Commissioner rather than to seek a judicial solution. Finding that Appellant is not entitled to any relief, we affirm.

¶ 14 Order affirmed.