**Ronald McGOVERN, Appellant,**

**v.**

**ERIE INSURANCE GROUP, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2002.

Filed April 2, 2002.

Robert F. Creem, Allentown, for appellant.

Frances A. Fruhwirth, Allentown, for appellee.

Before: HUDOCK, KLEIN and BECK, JJ.

KLEIN, J.

¶ 1 Ronald McGovern appeals from the order entered in the Court of Common Pleas of Lehigh County that denied (a) his request for a determination that he was entitled to "stacked" underinsured motorist benefits under the Erie insurance policy and, (b) his request for post-judgment interest. We affirm.

¶ 2 Ronald McGovern owned a motorcycle and a car. While riding the motorcycle, he was involved in an accident and sustained serious injuries. The motorcycle was insured BY Progressive Insurance, the car was insured by TICO[1]. Because of the UIM waiver forms, on the Progressive policy were invalid, 15,000/30,000 in stacked Uninsured/Underinsured Motorist Benefits (UM/UIM) was provided to McGovern.

¶ 3 At the time of the accident, McGovern resided with his mother who owned her own vehicle that was insured by Erie Insurance Group. McGovern was considered an "insured" under the Erie policy both under the terms of the policy itself (resident relative of the named insured), and by statute (75 Pa.C.S. § 1702[2]). The Erie policy provided 250,000/500,000 in stacked UM/UIM benefits.

¶ 4 The alleged tortfeasor in the accident paid the policy limits of his/her applicable liability insurance. Progressive offered and McGovern accepted $14,675 of the available $15,000 in UIM benefits under the motorcycle policy. Based upon his status as a resident relative, Erie paid an additional $250,000 in UIM benefits to McGovern.

¶ 5 Believing he was entitled to additional coverage under the Erie policy, McGovern filed for UIM arbitration. The issues before the arbitration panel were the value of damages suffered by McGovern and a determination of the definition of "stacking" under the Erie policy. While the arbitrators decided the monetary damages, they did not address the stacking issue as the terms of the Erie policy reserved that decision for a court of law. The arbitrators awarded $665,000 in damages, but also ruled that in no event was the amount of damages to exceed the UIM policy limits as determined by law.

¶ 6 McGovern then filed a petition to confirm the award of arbitrators, which included a prayer to determine the issue of stacking, and thereby determine the ultimate amount of coverage under the Erie policy as well as a request for interest on the judgment. The trial court determined McGovern was entitled to $250,000 in coverage, which had already been paid to McGovern, and since the award had already been paid prior to arbitration, no interest accrued. McGovern now appeals from this order.

■ ¶ 7 At issue here is the simple definition of stacking. The basic concept of stacking is the ability to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy. Additionally, there are two types of stacking, inter-policy and intra-policy. *In re: Insurance Stacking Litigation*, 754 A.2d 702 (Pa.Super., 2000).

---

1. The TICO policy is not at issue here due to the application of an unchallenged exclusionary clause.

2. An insured is defined, in relevant part, as "a spouse or other relative of the named insured" "residing in the household of the named insured." (2)(i).

■ ¶ 8 Intra-policy stacking is when more than one vehicle is insured under a single policy of insurance. For example: three cars insured under a single policy providing 15/30 UM/UIM benefits. If stacked, an insured is entitled to a total of $45,000 in UM/UIM benefits—three vehicles insured at $15,000 each equaling $45,000 in total coverage. If unstacked, only $15,000 is available in UM/UIM coverage.

■ ¶ 9 Inter-policy stacking, which is at issue here, is the addition of coverages for vehicles insured under different policies of insurance. For example: the same three cars, now separately insured all providing stacked 15/30 UM/UIM coverage. The injured insured may still collect the $45,000 in total coverage, the value of each policy being added together—$15,000 + $15,000 + $15,000.

¶ 10 The statutory rationale for this recovery procedure is found at 75 Pa.C.S. § 1733 and 75 Pa.C.S. § 1738 which provide:

§ 1733 **Priority of recovery**

(a) General rule.—Where multiple policies apply, payment shall be made in the following order of priority:

(1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.

(2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

§ 1738 **Stacking of uninsured and underinsured benefits and option to waive**

(a) Limit for each vehicle.—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

■ ¶ 11 Thus, section 1733 provides the order from which an injured person may collect benefits and section 1738 provides for the method of calculating the total amount of coverage available. The statutory language of section 1738 is clear. The total amount of coverage available is the **sum** of the limits for each motor vehicle as to which the injured person is an insured. Thus, to determine the amount of coverage available in the current situation, one merely needs to add the applicable limits of available UIM coverages. Here, the coverages available are $15,000 from the Progressive policy and $250,000 from the Erie policy. This is a classic example of inter-policy stacking. This is exactly what the trial court ordered.

¶ 12 McGovern is, on the other hand, seeking to combine the concepts of inter-policy stacking with intra-policy stacking. McGovern not only wants the separate coverages available under the different polices, but wants to treat these vehicles as if they were also all insured under the same policy. Thus, McGovern wants the Erie policy to provide coverage in addition to the Progressive policy, and wants the Erie policy to also provide $250,000 in benefits each for: the vehicle owned by McGovern's mother, the motorcycle owned by McGovern, and the car owned by McGovern. In effect, McGovern is not seeking the **sum** of the applicable limits, as provided by statute, but rather is seeking the **product** of the limits, improperly multiplying the limits of the Erie policy by the total number of vehicles in the household.

¶ 13 Quite simply put, this approach is ludicrous and acceptance of this method of calculating coverage amounts would produce an absurd result not contemplated by

the General Assembly. See 1 Pa.C.S. § 1922(1). McGovern's concept of insurance would bind an insurer to provide coverage for vehicles never rated, over which the insurer has no control and of which the insurer may not even have knowledge. As a matter of public policy, this court will not require an insurer to shoulder such a burden. Further, and more importantly, no amount of linguistic gymnastics can stretch the statutory language of sections 1733 and 1738 to provide for such an interpretation.

¶ 14 This court has repeatedly denied UM or UIM coverage where a claimant is seeking a "free ride" from another persons insurance policy. *Paylor v. Hartford Insurance Company*, 536 Pa. 583, 640 A.2d 1234 (1994) and *Wolgemuth v. Harleysville Mutual Insurance Company*, 370 Pa.Super. 51, 535 A.2d 1145 (1988). In large part, these denials are based upon the notion that it is fundamentally unfair to require an insurer to provide coverage for a vehicle not specifically listed on a policy and for which no premium was paid. That rationale applies equally here. While McGovern and his mother both paid for stacked UIM coverage, neither McGovern nor his mother paid a premium to any one insurer for all three vehicles. There is no reason for any of the insurers to now provide coverage for a vehicle not listed on the policy.

¶ 15 McGovern is receiving exactly the coverage he and his mother bargained for and for which is statutorily provided, i.e. the sum of the limits of the applicable policies.

¶ 16 Accordingly, we perceive no error in the trial court's denial of post-judgment interest.

¶ 17 Order affirmed.