**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1893
_____

ARLENE GRUDKOWSKI, Individually and on behalf of a class of similarly situated
persons,
Appellant

v.

FOREMOST INSURANCE COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-12-cv-01847)
District Judge: Hon. A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2014
_____

Before: CHAGARES, SHWARTZ, and ALDISERT, Circuit Judges.

(Filed: February 27, 2014)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

1

Arlene Grudkowski ("Grudkowski"), on behalf of herself and a putative class, appeals the dismissal of her amended complaint that alleged that the classic car insurance sold by Foremost Insurance Company ("Foremost") provided illusory coverage. We will affirm the District Court's orders granting the motion to dismiss and denying Grudkowski's motion for reconsideration. We will also deny the motion to certify the issue to the Pennsylvania Supreme Court.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. In 2007, Grudkowski purchased insurance from Foremost for two classic vehicles: a 1991 BMW 318i and a 1972 Mercedes 280 SEL. The vehicles were covered under separate policies, each of which provided $300,000 in uninsured motorist ("UM") coverage and $300,000 in underinsured motorist ("UIM") coverage.[1] Generally, Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL") provides for "stacking"[2] of UM and UIM coverage across multiple policies, which an insured can waive through the execution of a stacking rejection form. 75 Pa. Cons. Stat. § 1738. Foremost provided that rejection form to Grudkowski, but she declined to sign it,

---

[1] Grudkowski paid a total of $32 per year for the BMW's UM/UIM coverage and $16 per year for the Mercedes' UM/UIM coverage.

[2] Stacking allows insureds "to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." McGovern v. Erie Ins. Grp., 796 A.2d 343, 344 (Pa. Super. Ct. 2002). Stacking can be "intra-policy," through which the coverage limits of multiple vehicles under a single policy can be aggregated, or "inter-policy," through which the coverage limits of multiple vehicles under multiple policies can be aggregated. Id. at 345. Only inter-policy stacking is at issue in this case.

2

thereby electing not to waive stacking with respect to either policy. The policies, however, contain provisions that limit UM and UIM coverage to accidents that actually involve the covered vehicles,[3] making stacking effectively unavailable.

Grudkowski filed a putative class action complaint against Foremost in the Luzerne County Court of Common Pleas, which Foremost removed to the United States District Court for the Middle District of Pennsylvania. Grudkowski's suit does not arise from an insurance claim, but rather she alleges that she and the putative class were harmed by having paid for stacking insurance coverage that was not included in their policies. In her amended complaint, Grudkowski alleges breach of contract, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 et seq. ("UTPCPL"), unjust enrichment, and bad faith under 42 Pa. Cons. Stat. § 8371. The District Court granted Foremost's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and denied Grudkowski's motion for reconsideration. Grudkowski appeals both orders.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the motions to dismiss and for reconsideration both involve only legal questions, we review both orders de novo. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013). Our review of the District Court's

---

[3] This limitation is imposed by the policies' definition of "insured" in the UM/UIM coverage context, which is limited to: "You, any family member and any other person occupying your covered auto." App. 213-18 (internal quotation marks omitted).

3

interpretation and application of Pennsylvania law is also de novo. Salve Regina Coll. v. Russell, 499 U.S. 225, 239 (1991) ("The obligation of responsible appellate review and the principles of a cooperative judicial federalism underlying Erie require that courts of appeals review the state-law determinations of district courts de novo."). When federal courts interpret state law in diversity cases, they must predict the state's highest court's position on the matter, and relevant data points include the rulings of the state's appellate courts. West v. Am. Tel. & Tel. Co., 311 U.S. 223, 236-37 (1940); see also Travelers Indem. Co. of Ill. v. DiBartolo, 171 F.3d 168, 171 (3d Cir. 1999) (considering Pennsylvania Superior Court cases in its analysis).

## III.

### A.

We first address Grudkowski's breach of contract claim. To state a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." Ocasio v. Prison Health Servs., 979 A.2d 352, 355 (Pa. Super. Ct. 2009) (internal quotation marks omitted). At its core, a breach of contract involves the nonperformance of any duty imposed by a contract between parties. Widmer Eng'g, Inc. v. Dufalla, 837 A.2d 459, 467-68 (Pa. Super. Ct. 2003). Here, it is not clear that Grudkowski's amended complaint actually alleges that Foremost breached a duty imposed by the contract. As the District Court noted, Foremost "sold antique automobile

4

policies that do not allow for inter-policy stacking, [so] it is not plausible that Foremost breached a contractual duty when it did not provide stacked coverages." App. 21.

Grudkowski argues that the policy's restriction on stacking violates the MVFRL. Even if compliance with the MVFRL is a term of the contract, it does not provide a basis for relief. Section 1731 of the MVFRL requires insurance companies to offer UM and UIM coverage, which an insured may reject. 75 Pa. Cons. Stat. § 1731. Section 1738(a) states that, when an insured has multiple UM/UIM policies, the coverage available to the insured is "the sum of the limits for each motor vehicle as to which the injured person is an insured." 75 Pa. Cons. Stat. § 1738(a). Thus, the statute contemplates stacking, but it can be waived, see 75 Pa. Cons. Stat. § 1738(b)-(d), or limited by "clear and unambiguous" policy language, St. Paul Mercury Ins. Co. v. Corbett, 630 A.2d 28, 30 (Pa. Super. Ct. 1993) (en banc).

In Corbett, for example, the Pennsylvania Superior Court held that where the antique car insurance policy "clear[ly] and unambiguous[ly]" extended UM/UIM coverage to only accidents involving the covered antique car, "an insured may not complain that his or her reasonable expectations were frustrated by [such clear] policy limitations." Id. at 30.[4] The court explained that limiting coverage in antique car insurance policies is consistent with Pennsylvania public policy and the goals of the

---

[4] Foremost argues that Grudkowski waived her arguments relating to the applicability of Corbett to her case by making them for the first time in her motion for reconsideration. Assuming the arguments were not waived, they are unpersuasive.

5

MVFRL,[5] which include "control[ling] spiraling insurance costs." Id. at 32-33 (explaining that to allow stacking where the policy precludes it would "eradicate[]" "the distinctions between antique automobile insurance and other types of insurance . . . and premiums for antique vehicle insurance will be on par with personal automobile insurance"); see also St. Paul Mercury Ins. Co. v. Perry, 227 F. Supp. 2d 430, 434-35 (E.D. Pa. 2002) (permitting limitation of UM insurance benefits in antique car insurance policy). Outside the antique car context, the Pennsylvania Supreme Court has applied similar reasoning to policies that restricted UIM coverage stacking. Williams v. GEICO Gov't Emps. Ins. Co., 32 A.3d 1195, 1207-08 (Pa. 2011) (an exclusion for a regularly used, non-owned vehicle "is neither an implicit waiver of coverage nor an improper limitation on the statutorily mandated coverage. Rather, it functions as a reasonable preclusion of coverage . . . . Indeed, an alternative reasoning would stifle the policies underlying the MVFRL and UIM coverage because the cost for UIM coverage would necessarily increase."); cf. Everhart v. PMA Ins. Grp., 938 A.2d 301, 304-07 (Pa. 2007) (holding that stacking is not mandated for commercial fleet insurance because of the expense and inconsistency with the reasonable intentions of insurers and insureds).[6]

---

[5] Corbett applied the amended MVFRL we apply here.

[6] Grudkowski and amicus curiae, the Pennsylvania Association for Justice, argue that the Pennsylvania Supreme Court's decision in Heller v. Pennsylvania League of Cities and Municipalities, 32 A.3d 1213 (Pa. 2011), weighs in Grudkowski's favor. Heller involved an insurer's sale of optional UIM coverage, at an additional premium, that was illusory because an exclusion made it effectively impossible for the optional coverage to ever be available. 32 A.3d at 1222-25. Heller is distinguishable from the instant case because it involved the sale of additional coverage for an additional premium

6

Because the limited antique car insurance Foremost sold was permissible under Pennsylvania's MVFRL, and because the contract clearly limited coverage and Grudkowski has not alleged that her insurance contracts with Foremost were breached in any other way, we conclude that Grudkowski has failed to state a breach of contract claim upon which relief can be granted. Accordingly, dismissal of this claim was warranted.

B.

As to her UTPCPL claim, Grudkowski alleges that she and the putative class "justifiably relied on [Foremost's] representation that they would receive stacked [UM and UIM] coverages . . . ." App. 207. Grudkowski's UTPCPL claim fails. As the Pennsylvania Superior Court stated in Fay v. Erie Insurance Group, 723 A.2d 712 (Pa. Super. Ct. 1999),[7] where the policy language preventing stacking is clear and the insurer was lawfully charging for insurance in accordance with the MVFRL, the plaintiff's "remedy is to bring this matter to the attention of the legislature or the Insurance Commissioner." Id. at 715.

Foremost's actions were consistent with the MVFRL. Although Grudkowski alleges that she and the putative class relied on Foremost's "misrepresentation" of the

---

that was effectively worthless. Grudkowski paid policy premiums at a level, a total of $48 per year for UM/UIM coverage of two vehicles, that reasonably limited UM/UIM coverage to incidents that involved the insured vehicle, which is permissible under the MVFRL and Corbett.

[7] In Fay, the Superior Court affirmed the dismissal of a UTPCPL claim against an insurer where the plaintiff alleged that she purchased three accidental death policies, but that the terms of the policies reduced their value by prohibiting the stacking of benefits. 723 A.2d at 713-14.

scope of its insurance coverage by accepting the unsigned waiver form whereby she conveyed that she did not waive stacking, any misrepresentation that may have transpired through Foremost's conveyance of the form "was corrected by the other provisions of the policy which clearly and unambiguously" limited coverage to incidents involving the covered antique cars and hence disclosed that stacking was unavailable. See id. For these reasons, Grudkowski's UTPCPL claim was appropriately dismissed.

## C.

Grudkowski's unjust enrichment claim was also properly dismissed. Under Pennsylvania law, "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings." Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (Pa. 2006) (internal quotation marks omitted); see Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh, 776 F.2d 1174, 1177 (3d Cir. 1985); Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (Pa. 1969). Because the relationship between Grudkowski and Foremost was governed by valid insurance contracts, unjust enrichment cannot provide Grudkowski a basis for relief.[8]

---

[8] Grudkowski argues that she should nevertheless be permitted to proceed on her unjust enrichment claim because plaintiffs may plead breach of contract and unjust enrichment claims in the alternative. Pleading in the alternative under Fed. R. Civ. P. 8(d)(2) is, of course, permissible, Cornell Cos. v. Borough of New Morgan, 512 F. Supp. 2d 238, 265-66 (E.D. Pa. 2007), but pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed,

8

D.

Dismissal of Grudkowski's statutory bad faith claim under 42 Pa. Cons. Stat. § 8371 was also appropriate. Section 8371 permits the recovery of damages if, "[i]n an action arising under an insurance policy," an "insurer has acted in bad faith toward the insured." The term "bad faith" in section 8371 concerns "the duty of good faith and fair dealing in the parties' contract and the manner by which an insurer discharged its obligations of defense and indemnification in the third-party claim context or its obligation to pay for a loss in the first party claim context." Toy v. Metro. Life Ins. Co., 928 A.2d 186, 199 (Pa. 2007). Thus, the statute does not "give relief . . . to an insured who alleges that his insurer engaged in unfair or deceptive practices in soliciting the purchase [of] a policy." Id. at 200 (emphasis added). Here, because Grudkowski's allegations concern the sale of policies that allegedly provided illusory coverage, and not Foremost's actions in discharging its obligations under those policies, Grudkowski is not entitled to relief under section 8371.

IV.

For the foregoing reasons, we will affirm the District Court's orders dismissing Grudkowski's claims and denying her motion for reconsideration. Because Pennsylvania

---

making unjust enrichment a potentially available remedy, see, e.g., Montanez v. HSBC Mortg. Corp. (USA), 876 F. Supp. 2d 504, 515-16 (E.D. Pa. 2012); Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012). Here, Grudkowski and Foremost had a contractual relationship, the existence and validity of which are not challenged. Thus, Grudkowski's claim for unjust enrichment, even when pled in the alternative, was appropriately dismissed.

9

law dictates the outcome here, we will also deny her motion for certification to the

Pennsylvania Supreme Court.