**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3371
_____

WAYNE E. KUHNS;
SHANNON C. KUHNS
husband and wife,

Appellants

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(D. C. Civil No. 4-15-cv-01197)
Chief Magistrate Judge: Honorable Susan E. Schwab

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2018

_____

Before: McKEE, VANASKIE[*], and RESTREPO, *Circuit Judges*

(Opinion filed: January 3, 2019)

_____

---

[*] The Honorable Thomas I. Vanaskie participated in the decision in this case. Judge Vanaskie retired from the Court on January 1, 2019 after the submission date, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

OPINION[**]


McKEE, *Circuit Judge.*

Wayne and Shannon Kuhns appeal the grant of summary judgment entered in favor of defendant Travelers and Home Insurance Co. on the Kuhnses' claim for stacked insurance benefits under a policy of automobile insurance following an accident involving one of four automobiles that the Kuhnses owned and which were covered by that policy. For the reasons that follow, we will affirm.[1]

The Kuhnses initially waived "stacked uninsured and underinsured motorists (UIM)" coverage on their policy covering three of their vehicles.[2] A few months later, the Kuhnses purchased a fourth vehicle – a pickup truck – and added it to that policy. The

[**] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] We review the District Court's decision de novo, and we apply the same standard as the District Court to determine whether summary judgment was appropriate. *Norfolk Southern Railway Co. v. Basell USA Inc.,* 512 F.3d 86, 91 (3d Cir. 2008). The substantive law of Pennsylvania applies to this case. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Moody v. Sec. Pac. Eus. Credit, Inc.,* 971 F.2d 1056 (3d Cir. 1992).

[2] "The basic concept of stacking is the ability to add the coverages available from different vehicles . . . to provide a greater amount of coverage [than is] available [for] any one vehicle." *McGovern v. Erie Ins. Grp.*, 796 A.2d 343, 344 (Pa. Super. Ct. 2002). For example, if an insured person has four cars in a policy that provides $100,000 of UIM coverage on each car, and one car is in an accident, under a stacked insurance policy, the insured will be entitled to a maximum payout of $400,000 (the total payout for all of the cars in the policy: $100,000 x 4). Conversely, if the policy is not stacked, the insured would only be entitled to a maximum payout of $100,000 (the payout for a single car).

The Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) "requires all motor vehicle liability insurance policies to offer uninsured and underinsured coverages[;] it also provides that the purchase of such coverages is 'optional.' 75 Pa. C.S.A. § 1731(a)." (JA 13–14.)

question before the Magistrate Judge, and before us on review, is whether the Kuhnses' initial waiver of stacked insurance coverage applied to the fourth vehicle. The Magistrate Judge granted summary judgment to Travelers based upon its conclusion that the fourth vehicle was added pursuant to the insurance policy's continuous after-acquired-vehicle clause.

Appellants correctly argue that our inquiry is governed primarily by the Pennsylvania Supreme Court's decisions in *Sackett I* and *II*.[3] There, the court considered when Pennsylvania law requires an insurance company to provide the insured with an additional opportunity to waive stacked insurance. Sackett had initially waived stacked insurance but subsequently added a car to an existing multi-car policy. In rejecting the Kuhnses's claim for stacked benefits here, the Magistrate Judge correctly summarized the Pennsylvania Supreme Court's conclusion that adding another vehicle to a policy with a continuous after-acquired-vehicles clause did not require the issuance of another waiver:

> [W]hen an insured adds a new vehicle to an existing multi-vehicle policy, the insurer, under *Sackett I*, must provide that insured with a new opportunity to waive stacked UIM coverage . . . *unless, under* Sackett II, *the insured has already signed a valid stacking waiver . . . and coverage for the newly-added vehicle is extended under a continuous after-acquired-vehicle clause.*[4]

In other words, if (1) the Kuhnses signed a valid stacking waiver; and (2) their insurance policy extends coverage for newly-added vehicles under an after-acquired-vehicles

---

[3] *Sackett v. Nationwide Mutual Insurance Company,* 919 A.2d 194 (Pa. 2007) (*Sackett I*), and *Sackett v. Nationwide Mutual Insurance Company*, 940 A.2d 329 (Pa. 2007) (*Sackett II*).

[4] JA 21 n.7 (emphasis added).

3

clause; and (3) that clause is continuous (rather than finite); the waiver applies to the newly-added vehicle as well.

The parties do not dispute the first two propositions, namely that the Kuhnses signed a valid stacking waiver,[5] and that the policy contained an after-acquired-vehicles clause.[6] Rather, Appellants argue that the after-acquired-vehicle clause was not continuous, and, relatedly, that the fourth vehicle was not added to the policy pursuant to the after-acquired-vehicle clause, but rather by the issuance of a new declarations page from Travelers. Both arguments fail.

First, the Magistrate Judge correctly concluded that because the policy "automatically extend[s] . . . coverage to newly-acquired autos," the policy was continuous.[7] The Travelers policy stated that a "covered auto" includes "any . . . vehicle[,] *on the date you become the owner*," so long as three conditions were met: (1) the vehicle was acquired "during the policy period;" (2) the policy holder "asks [Travelers] to insure it within 30 days;" and (3) "no other insurance policy provides coverage for that vehicle."[8]

---

[5] *See e.g.*, JA 3 ("Mr. Kuhns acknowledges that he expressly waived stacked, underinsured motorist coverage when he initially bought his motor vehicle insurance policy from Travelers.").

[6] *See e.g.*, Appellants' Reply Br. at 1 (recognizing that the Travelers policy contained an after-acquired-vehicles clause, but arguing that "the additional vehicle the [Kuhnses] purchased was not added by way of the after-acquired vehicle clause").

[7] JA 27. *See also Sackett II*, 940 A.2d at 333–34 (distinguishing the continuous policy in *Satterfield v. Erie Ins. Prop. & Cas.* 618 S.E.2d 483 (W. Va. 2005) from the "finite" policy in *Bird v. State Farm Mut. Auto Ins. Co*. 165 P.3d 343 (N.M. Ct. App. 2007)).

[8] JA 24 (emphasis added). Appellants do not dispute that each of the three conditions was met here.

Appellants argue that because the policy required the Kuhnses to satisfy three conditions subsequent in order to become covered, the policy did not provide automatic coverage and, thus, was not continuous. However, as the Magistrate Judge correctly noted, *Sackett II* specifically addressed that issue. In *Sackett II*, the court said: "[T]o the degree that coverage under a particular after-acquired-vehicle provision continues in effect throughout the existing policy period, subject only to conditions subsequent such as notice and the payment of premiums, . . . we clarify that *Sackett I* should not disturb the effect of an initial UIM waiver."[9] We came to a similar conclusion in *Seiple v. Progressive N. Ins. Co.*[10] There, the insurance policy stated: "any new motorcycle acquired by an insured during the policy period [wa]s automatically covered by the policy, so long as the insured pa[id] any additional premiums and the additional motorcycle [wa]s not already covered."[11] Accordingly, we held "the after-acquired-vehicle clause at issue is continuous, rather than finite in nature."[12]

The Pennsylvania Superior Court has construed the same language from the Travelers Policy at issue here, post-*Sackett*, and found that the after-acquired-vehicles

---

[9] *Sackett II*, 940 A.2d at 333–34 ("We hold that the extension of coverage under an after-acquired-vehicle provision to a vehicle added to a pre-existing multi-vehicle policy is not a new purchase of coverage for purposes of Section 1738(c), and thus, does not trigger an obligation on the part of the insurer to obtain new or supplemental UM/UIM stacking waivers.").

[10] 568 Fed. App'x 183 (3d Cir. 2014).

[11] *Id*. at 186.

[12] *Id*. at 186–87.

clause is continuous.[13] The Magistrate Judge here correctly considered those decisions in entering judgment.

Appellants' argument that the vehicle was not added to the policy pursuant to the after-acquired vehicles clause, but rather by Travelers' addition of a new declarations sheet fails as well. We have previously concluded that "[a]ccording to Pennsylvania's Insurance Commissioner, the mechanism by which vehicles generally are added to existing policies is via 'newly acquired vehicle clauses,'" rather than by the issuance of an amended declarations page.[14] Here, the Magistrate Judge correctly found, "neither the adding of the fourth vehicle to th[e declarations] sheet, nor the issuance of that sheet, triggered Travelers's contractual duty to extend coverage to the [Kuhnses'] newly-acquired vehicle. Instead, its duty was triggered by the Policy's after-acquired-vehicle clause."[15]

The Magistrate Judge's conclusion finds further support in our decision in *State Auto Property & Casualty Ins. Co. v. Pro Design*, *P.C.*[16] There, we held "the mere addition of a vehicle to an existing policy is not a purchase."[17] Therefore, Pennsylvania law, as articulated in *Sackett II*, "did not require [the insurer] to provide [the insured]

---

[13] *See Shipp v. Phoenix Ins. Co.*, 51 A.3d 219 (Pa. Super. Ct. 2012); *Toner v. The Travelers Home & Marine Ins. Co.*, 137 A.3d 583 (Pa. Super. Ct. 2016).
[14] *Seiple v. Progressive N. Ins. Co.*, 568 F. App'x 183, 187 (3d Cir. 2014) ("Sackett III does not create a per se rule, as Seiple suggests, that vehicles added by endorsement require new stacking waivers without regard to the language in the after-acquired-vehicle clause.").
[15] JA 36.
[16] 566 F.3d 86 (3d Cir. 2009).
[17] *Id*. at 93.

with the opportunity to waive stacking upon the addition of the second and third vehicles to the policy; the waiver signed at the inception of the policy remained valid upon the addition of those vehicles."[18]

Accordingly, for the reasons stated above, and those in the Magistrate Judge's well reasoned and careful Memorandum Opinion, we agree that Travelers was not required to issue another waiver to Appellants when the fourth car was added to the policy. Therefore, we will affirm the judgment.

---

[18] *Id.*