NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1774
_____

SYLVIA GITTELMACHER,
Appellant

v.

*TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY;
DEPOSITORS INSURANCE COMPANY

(*Dismissed Pursuant to Clerk Order Issued 10/4/23)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-3264)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2024

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: September 24, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

RESTREPO, *Circuit Judge*.

Appellant Sylvia Gittelmacher appeals the District Court's grant of summary judgment in favor of Appellee Depositors Insurance Company ("Depositors") for her underinsured motorist claims. For the reasons that follow, we will affirm.

## I. Background

On January 20, 2020, Ms. Gittelmacher was hit by a car while walking across a parking lot in Bensalem, Pennsylvania. The driver of the car had an automobile insurance policy insufficient to fully compensate Ms. Gittelmacher for her injuries. Ms. Gittelmacher had her own automobile insurance policy issued to her by Depositors that included coverage for bodily injury up to $100,000 per person caused by underinsured motorists ("UIM"). At the time of the accident, Ms. Gittelmacher lived with her daughter and her granddaughter. Ms. Gittelmacher was also insured under her daughter's Travelers Property Casualty Insurance Company policy (the "Lyons Travelers Policy") with UIM coverage up to $50,000, and her granddaughter's Depositors policy (the "Lyons Depositors Policy") with UIM coverage up to $100,000. Each of the three policies insured one vehicle, and each included a signed waiver of stacked UIM coverage. Ms. Gittelmacher signed the following waiver:

> By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of the limits for each motor vehicle under the policy. Instead, the limit of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

Supp. App. 167. Ms. Gittelmacher's daughter and granddaughter elected to sign similar waivers of stacked UIM coverage in the Lyons Travelers Policy and the Lyons Depositors Policy.

The policies also included "Other Insurance" clauses, which created two different levels of priority for UIM recovery. The Depositors Policies read:

> If there is other applicable insurance available under more than one policy or provision of coverage that is similar to the insurance provided by this endorsement:
>
> The following priorities of recovery apply:
>
> First      The Underinsured Motorists Coverage applicable to the vehicle the "insured" was occupying at the time of the accident.
>
> Second  The policy affording Underinsured Motorists Coverage to the "insured" as a named insured or family member.

*Id.* at 258. The Policies further capped UIM recovery: "When there is no applicable insurance available under the First priority, the maximum recovery under all policies in the Second priority shall not exceed the highest applicable limit for any one vehicle under any one policy." *Id.* at 259; *Gittelmacher v. Travelers Prop. Cas. Ins. Co.*, 664 F. Supp. 3d 605, 608–09 (E.D. Pa. 2023). Finally, the Depositors Policies specified:

> If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

Supp. App. 259.

Ms. Gittelmacher made a claim for UIM benefits under all three policies, for a total of $250,000. Citing the waivers of stacked benefits and the "other insurance" clauses,

Depositors responded by asserting she was entitled to collect no more than $100,000 across the three policies. Depositors paid Ms. Gittelmacher $100,000 of UIM benefits to resolve the claim under her own policy, then sought and received a pro rata contribution from Travelers of $20,000. Depositors also claimed a $40,000 pro rata contribution from the Lyons Depositors Policy. Ms. Gittelmacher sued Depositors and Travelers for, *inter alia*, breach of contract. The District Court granted summary judgment in favor of Depositors and Travelers. Ms. Gittelmacher timely appeals.[1]

## II. Standard of Review and Applicable State Law.[2]

We exercise plenary review of a District Court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party. *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 246–47 (3d Cir. 2002). Summary judgment is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] Travelers settled with Ms. Gittelmacher during the pendency of this appeal. As a result, we consider only whether summary judgment was properly granted to Depositors. Travelers was dismissed as a party pursuant to court order issued October 4, 2023.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has appellate jurisdiction under 28 U.S.C. § 1291. Ms. Gittelmacher argues that because Travelers settled while this appeal was pending, the amount in controversy is now less than $75,000, and this Court now lacks subject matter jurisdiction. We disagree. "It has long been the case that 'the jurisdiction of the court depends upon the state of things *at the time of the action brought*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (emphasis added and citation omitted). Diversity jurisdiction does not cease to exist merely because a subsequent event reduced the amount in controversy. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395–96 (3d Cir. 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

The parties agree that Pennsylvania law governs this dispute over the terms of the policies. We must interpret the policies according to "general principles of contract interpretation, as, at base, an insurance policy is nothing more than a contract between an insurer and an insured." *Gallagher v. Geico Indem. Co.*, 201 A.3d 131, 137 (Pa. 2019). But "provisions of insurance contracts are invalid and unenforceable if they conflict with statutory mandates because contracts cannot alter existing laws." *Id.*

The Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) requires insurance companies to offer coverage to the insured for injuries caused by uninsured and underinsured motorists unless the insured signs a written waiver of UIM benefits. 75 Pa. C.S. § 1731. The purpose of UIM coverage is to "protect[] innocent victims from underinsured motorists who cannot adequately compensate the victims for their injuries." *Erie Ins. Exch. v. Mione*, 289 A.3d 524, 527 (Pa. 2023) (quoting *Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1010 (Pa. 1998)). "That purpose, however, does not rise to the level of public policy overriding every other consideration of contract construction." *Id.* (quotation omitted). As the Pennsylvania Supreme Court has stated, "there is a correlation between premiums paid by the insured and the coverage the claimant should reasonably expect to receive." *Hall v. Amica Mut. Ins. Co.*, 648 A.2d 755, 761 (Pa. 1994) (quotation omitted).

Finally, the MVFRL mandates stacking of UIM coverage, unless the insured knowingly waives stacking by signing a written form. 75 Pa. C.S. § 1738. Stacking of insurance policies "is the ability to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one

5

vehicle or policy." *McGovern v. Erie Ins. Grp.*, 796 A.2d 343, 344 (Pa. Super. Ct. 2002). Stacking may be waived so long as the waiver is knowing. *Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530, 541 (Pa. 2006). Stacking of UIM benefits is the statutory default unless the insured chooses to waive such coverage, 75 Pa. C.S. § 1738, as Ms. Gittelmacher and her relatives did here. The language of the required written waiver is included in the statute, 75 Pa. C.S. § 1738(d), and that language is nearly identical to the waivers Ms. Gittelmacher and her relatives signed.

### III. Waiver of Stacking

The District Court found that Ms. Gittelmacher was not entitled to recover more than the $100,000 she was already paid because she and her policy-holding relatives knowingly waived inter-policy stacking. Based on that waiver, Ms. Gittelmacher's recovery could "not exceed the highest applicable limit for any one vehicle under any one policy." Supp. App. 259; *Gittelmacher*, 664 F. Supp. 3d at 608. The highest applicable limit under any one of the policies was $100,000.

The Pennsylvania Supreme Court has held that waiver of inter-policy stacking is valid and enforceable under 75 Pa. C.S. § 1738(b) where the language of the waiver conforms to the statutory requirements[3] and the insurance policy insures a single vehicle. *Craley*, 895 A.2d at 541–42. The *Craley* court reasoned that where a policy insures only one vehicle, there cannot be intra-policy stacking. *Id.* Thus, a waiver of stacking in a policy

---

[3] Ms. Gittelmacher does not argue the language of the waiver was deficient under 75 Pa. C.S. § 1738(b). Such an argument would be meritless given that the waiver she and her relatives signed are nearly identical to the statutory language.

that insures only one vehicle can only refer to the stacking of separate policies. *Id.* ("Absent the applicability of intra-policy waiver, the only interpretation fairly available to [the policyholder] was that his premium-reducing waiver applied to inter-policy stacking."). The insured in those circumstances is on clear notice that she has waived inter-policy stacking, and such a waiver is valid and enforceable. *Id.* at 542.

Ms. Gittelmacher and her relatives knowingly signed a clear waiver under circumstances nearly identical to those in *Craley*, electing to waive stacked coverage in exchange for reduced premiums. Each policy insured only one vehicle, so the waiver had to refer to inter-policy stacking, and Ms. Gittelmacher could not recover more than $100,000—the limit stated in her policy. To hold otherwise and allow Ms. Gittelmacher to recover more than $100,000 would enable her to recover more than what she should have reasonably expected to receive.

## IV. The "Other Insurance" Clause

Ms. Gittelmacher also challenges Depositors' application of the "Other Insurance" clause to her claim, arguing that her status as a pedestrian entitles her to first priority recovery. This argument has no merit. Under any interpretation of her contract, Ms. Gittelmacher is not entitled to receive first priority coverage because she was not occupying the insured vehicle at the time of the accident. The clause in her policy matches the language of the MVFRL. 75 Pa. C.S. § 1733(a)(1) ("Where multiple policies apply . . . payment shall be made [first from a] policy covering a motor vehicle occupied by the injured person at the time of the accident."). Ms. Gittelmacher was instead only entitled to second priority coverage under the policies and under the MVFRL. 75 Pa. C.S. §

7

1733(a)(2) ("[P]ayment shall be made . . . [second from a] policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.").

Ms. Gittelmacher argues that applying second priority coverage to her as a pedestrian and allowing pro rata contributions from multiple insurers causes her to lose her first priority UIM coverage she paid for, which she claims conflicts with the MVFRL. In *Erie Insurance Exchange v. Backmeier*, 287 A.3d 931 (Pa. Super. Ct. 2022), the Pennsylvania Superior Court addressed and rejected a similar argument. It held that where, as here, inter-policy stacking was knowingly waived, second priority coverage may be limited to the highest applicable limit of one policy. 287 A.3d at 946. *Backmeier* involved a claim under two policies' UIM coverage provisions after the insured was struck by an underinsured vehicle while riding his bicycle. *Id.* at 934. Because the injured insured was on a bicycle, and not in a vehicle insured under the policies, he qualified for only second priority coverage. *Id.* at 934, 944. The Pennsylvania Superior Court held the insurer acted properly by paying the injured insured the $100,000 in UIM coverage—the highest applicable limit of either of the two policies—and then splitting that amount between two applicable policies. *Id.* at 934. "To hold otherwise would permit a policyholder to waive stacking to receive a reduced premium and then permit stacking or aggregation of second priority UIM coverage." *Id.* at 947.

The "Other Insurance" clauses in the Depositors policies operated like the limit of protection clauses in *Backmeier*. They merely implemented the waiver of stacking, which

Ms. Gittelmacher and her granddaughter signed.[4] As the District Court noted, "Ms. Gittelmacher recovered the $100,000 she contracted for . . . . Any later accounting occurring between the Lyons Depositors Policy and the Lyons Travelers Policy does not alter that fact, particularly because the practice is explicitly endorsed by the MVFRL." *Gittelmacher*, 664 F. Supp. 3d at 612 (citing 75 Pa. C.S. § 1733(b)). We agree and will therefore affirm the grant of summary judgment.[5]

V.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment to Depositors.

---

[4] Like Ms. Gittelmacher's "Other Insurance" clause, Backmeier's limit of protection clauses in the two policies provided that second priority recovery for unstacked coverage would be limited to the "highest limit of liability for any one 'auto' under any one policy." *Backmeier*, 287 A.3d at 937.

[5] Ms. Gittlemacher asks us to find the "Other Insurance" clause void as against public policy. We will not make such a finding. Ms. Gittelmacher received what she bargained for—$100,000 of unstacked UIM benefits. Her argument that Depositors did not pay her the amount she contracted for because it recovered pro rata contributions from her daughter's and granddaughter's policies is unavailing.