J-A23037-20

2020 PA Super 268

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JANICE PETRIE, INDIVIDUALLY AND | : | |
| IN HER CAPACITY AS THE | : | |
| EXECUTRIX OF THE ESTATE OF | : | No. 261 EDA 2020 |
| SCOTT PETRIE, DECEASED AND | : | |
| ESTATE OF SCOTT PETRIE, | : | |
| DECEASED BY AND THROUGH ITS | : | |
| EXECUTRIX, JANICE PETRIE AND | : | |
| BRANDON PETRIE, INDIVIDUALLY | : | |
| AND MEGAN PETRIE RAMIREX, | : | |
| INDIVIDUALLY AND KIRA BETH | : | |
| PETRIE, INDIVIDUALLY | : | |
| | : | |
| Appellants | | |

Appeal from the Order Entered January 2, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-04245

BEFORE:  KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.*

OPINION BY PELLEGRINI, J.:                    **FILED NOVEMBER 18, 2020**

Janice Petrie (Petrie), individually and in her capacity as the Executrix

of the Estate of Scott Petrie, Deceased, *et.al*, appeals from the order entered

in the Court of Common Pleas of Bucks County (trial court) granting the

_____

* Retired Senior Judge assigned to the Superior Court.

motion for judgment on the pleadings filed by Erie Insurance Exchange (Erie)[1] holding that there was no right to aggregate or "stack" the limits of coverage for underinsured motorists (UIM) of two separate policies, *i.e.* "inter-policy stacking" under the terms of the automobile insurance policy in effect with Erie.[2] We reverse the trial court and remand.

## I.

## A.

On October 16, 2016, Decedent, while operating a Yamaha motorcycle, was struck and killed by a truck operated by an underinsured driver. Decedent was survived by Petrie and their three children, all of whom are parties in this case.

At the time of the accident, Decedent and Petrie had purchased and were named insureds on two motor vehicle insurance policies through Erie and Foremost Insurance (Foremost). The Foremost policy provided $25,000.00 in

---

[1] The Pennsylvania Association for Justice has filed an *amicus curiae* brief in support of Petrie's appeal. Various insurance lawyers' associations filed an *amicus curiae* brief in support of Erie.

[2] "The basic concept of stacking is the ability to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." ***McGovern v. Erie Ins. Grp***., 796 A.2d 343, 344 (Pa. Super. 2002). There are two types of stacking, **intra**-policy and **inter**-policy. Intra-policy stacking is when more than one vehicle is insured under a single policy of insurance. Inter-policy stacking, which is at issue in the instant case, is the addition of coverages for vehicles insured under different policies of insurance. ***See id.***

UIM coverage and Decedent's motorcycle was insured by that company. Petrie made a successful claim for UIM benefits from Foremost.

Petrie then submitted a claim for UIM benefits under the Erie policy. The Erie policy covered four vehicles and UIM coverage limits for bodily injury of "$100,000 per person/$300,000 per accident-Unstacked." (Erie Automobile Policy, at 2).

**B.**

The stacking waiver included in the Erie policy pursuant to Section 1738 of the Motor Vehicle Financial Responsibility Law (MVFRL), which governs stacking of UM/UIM benefits in automobile insurance policies, states in conformity with that section:[3]

---

[3] Section 1738 provides:

**(a) Limit for each vehicle.**—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

**(b) Waiver.**—Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

**(c) More than one vehicle.**—Each named insured purchasing uninsured or underinsured motorist coverage for more than one

**UNDERINSURED COVERAGE LIMITS**

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under **the policy** for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured **under the policy**.  Instead, the limits of coverage that I am

---

vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b).  The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

**(d) Forms**.—

\* \* \*

(2) The named insured shall be informed that he may exercise the waiver of the stacked limits of underinsured motorist coverage by signing the following written rejection form:

**UNDERINSURED COVERAGE LIMITS**

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy.  Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy.  I knowingly and voluntarily reject the stacked limits of coverage.  I understand that my premiums will be reduced if I reject this coverage.

[Signature of First Named Insured and Date]

**(e) Signature and date.**—The forms described in subsection (d) must be signed by the first named insured and dated to be valid. Any rejection form that does not comply with this section is void.

75 Pa.C.S. § 1738(a)-(e).

purchasing shall be reduced to the limits stated in **the policy**. I knowingly and voluntarily reject the stacked limits of coverage. I understand my premiums will be reduced if I reject this coverage.

(Erie Underinsured Coverage Limits Waiver, signed by Decedent on 9/29/16) (emphases added).

Furthermore, the Erie policy contains a household exclusion as part of the Uninsured/Underinsured Motorists Coverage Endorsement that reads:[4]

> If Underinsured Motorists Coverage is indicated on the "Declarations", "we" will pay damages for bodily injury that the law entitles "anyone we protect" or the legal representative of "anyone we protect" to recover from the owner or operator of an "underinsured motor vehicle." . . .
>
> &ast; &ast; &ast;
>
> **EXCLUSIONS-What We Do Not Cover**
>
> This insurance does not apply to:
>
> &ast; &ast; &ast;
>
> 5. damages sustained by "anyone we protect" while "occupying" or being struck by a "miscellaneous vehicle" owned or leased by "you" or a "relative," but not insured for Uninsured or Underinsured Motorists Coverage under this policy.

---

[4] "The household vehicle exclusion is one of several types of exclusionary clauses included in motor vehicle insurance policies providing uninsured motorist coverage." ***Craley v. State Farm Fire & Cas. Co.***, 895 A.2d 530, 533 n.1 (Pa. 2006) (citation omitted). "Specifically, the household vehicle exclusion exempts from uninsured motorist coverage any coverage for bodily injury sustained while occupying a vehicle owned by the named insured, the named insured's spouse, or a resident relative of the named insured, but not insured under the policy in question." ***Id.*** (citation omitted).

(Erie Automobile Policy, Uninsured/Underinsured Motorists Coverage Endorsement, at 2-3).

**C.**

In April 2017, Erie issued a letter denying the claim because the above stacking waiver prevents Petrie from recovering benefits from both Foremost and Erie, *i.e.*, that provision bars inter-policy stacking. In addition, Erie also maintained that the household exclusion bars Petrie's request for UIM benefits because, at the time of the accident, Decedent was operating a motorcycle he had insured with a different carrier and not under the Erie policy.

In June 2019, Erie filed the underlying action seeking a declaratory judgment providing that there was no UIM coverage available to Petrie in connection with the October 16, 2016 motor vehicle accident under the Erie policy. After the pleadings were closed, Erie filed a Motion for Judgment on the Pleadings. In opposing the motion, Petrie contended that judgment on the pleadings should not be granted because the stacking waiver relates only to intra-policy stacking within the Erie policy itself and not to other policies of insurance and, therefore, does not prevent recovery from both Erie and Foremost. In addition, Petrie contends that the household vehicle exclusion was found to be unconstitutional and that although it prevents recovery for a survival claim, it does not bar a wrongful death claim.

The trial court granted Erie's motion for judgment on the pleadings. After reviewing the applicable case law, the trial court found that the stacking

waiver that Decedent signed was sufficient to waive inter-policy stacking. It did so primarily based on the rubric that insureds should get the coverage for which they pay and, since Erie had no notice of the second insurance policy with a different carrier covering, it was unable to quote and collect a higher premium to account for that coverage commensurate with the risk and, as a result, Decedent received a lower premium. It did not address the applicability and viability of the household exclusion provision. This timely appeal followed.[5] Petrie and the trial court complied with Rule 1925. ***See*** Pa.R.A.P. 1925(a)-(b).

---

[5] The standard to be applied upon review of a motion for judgment on the pleadings accepts all well-pleaded allegations of the complaint as true. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034 which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

***Forbes v. King Shooters Supply***, 230 A.3d 1181, 1187 (Pa. Super. 2020) (case citations omitted).

## II.

On appeal, Petrie contends that the trial court erred in granting Erie's motion for judgment on the pleadings because the stacking waiver provision in the policy is ambiguous as to inter-policy stacking of UIM coverage because the waiver provision uses the singular word "policy" instead of the plural term "policies." Because she and the Decedent were not given full information regarding the availability of both intra-policy and inter-policy stacking, neither could have made a knowing and conscious waiver of coverage. Petrie also contends that the household exclusion provision is unenforceable because of our Supreme Court's decision in *Gallagher v. GEICO Indem. Co*., 201 A.3d 131 (Pa. 2019).

## A.

Whether the stacking waiver provisions in an insurance policy were sufficient to waive inter-policy stacking was addressed by our Supreme Court in *Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530 (Pa. 2006). *Craley* dealt with a **single-vehicle** insurance policy where the insured had signed a stacking waiver in conformity with Section 1738(d) of the MVFRL. While holding that inter-policy stacking may be waived, it addressed the requirements for such waiver to be valid:

> The conclusion that inter-policy stacking may be waived does not end our analysis. **We must determine how it may be waived.** Subsection (d), which provides the necessary waiver form for multiple-vehicle policyholders, indicates that the legislature felt it necessary to require insurers to provide insureds with specific language in written form to ensure ample notice of

the benefits to be waived. Moreover, the legislature imposed a significant sanction on an insurance company that deviates from the form, voiding any "rejection form that does not comply with this section." 75 Pa.C.S. § 1738(e). Given the form required by subsection (d), the sanction provided in subsection (e), and the imperative language granting stacking to all insureds in subsection (a), **it is readily apparent that some form of knowing waiver must occur before we allow enforcement of an inter-policy stacking waiver**. As Chief Justice Cappy previously has commented, "It is evident that the General Assembly sought to ensure that policyholders would be given **full information** regarding availability of stacked coverage before deciding whether or not to reject it." ***Rupert v. Liberty Mut. Ins. Co.***, 566 Pa. 387, 781 A.2d 132, 135 (2001).

***Id.*** at 540-41 (emphases added).

It then went on to determine whether that stacking waiver form put the insured on clear notice that he was waiving inter-policy stacking. Focusing on the fact that the insured's policy only covered one vehicle, it held that the insured had clear notice that he was waiving inter-policy stacking because when the insured signed the waiver form stating, "I understand that my premiums will be reduced if I reject this coverage," he "could not have thought he was receiving a reduced premium for intra-policy stacking because there could be no intra-policy stacking with only one vehicle on the policy." ***Id.*** The court further stressed, "[a]bsent the applicability of intra-policy waiver, the only interpretation fairly available to insured was that his premium-reducing waiver applied to inter-policy stacking." ***Id.***

However, ***Craley*** also highlighted that this same waiver form may not be valid in the context of multi-vehicle policies covering different automobiles, which is the case here. The pertinent footnote states:

Although we conclude that the waiver in this case was knowing, our consideration nonetheless raises questions as to whether the waiver would be knowing if [Plaintiff's] policy had covered more than one vehicle. If a named insured insures some cars under one policy ("the policy") and others under a separate policy ("the second policy") and signs the form provided in subsection (d) which refers to the waiver of stacking "for each motor vehicle insured under **the policy**," that named insured reasonably could assume that he received a reduced premium for waiver of the stacking of the limits regarding the vehicles insured by "the policy" with no knowledge that he was waiving stacking of the applicable limits of "the policy" to "the second policy," despite paying premiums on both policies. We urge the legislature or the Commissioner to clarify whether and how insurers may secure a valid waiver in such a case.

*Id.* at 542 n.18 (emphasis original).

Erie contends that this footnote represents little more than an afterthought, *i.e. dicta*, because it was not essential to the opinion because facts hypothesized within the footnote were not extant in *Craley*, and our Supreme Court was merely exhorting the General Assembly to consider amending the current requirements of the MVFRL. While the footnote may be *dicta*, that does not mean that its reasoning is no less cogent. We agree with the reasoning in *Craley* that under the standard Section 1738 stacking waiver provision, an insured may have "no knowledge that he was waiving stacking of the applicable limits of 'the policy' to 'the second policy,'" *i.e.,* the insured would not have "clear notice" that he was waiving inter-policy stacking.

In this case, under the Erie policy, Petrie and Decedent paid a premium for $100,000 in UIM coverage in the event an insured under the policy was injured or killed. While the Petries received a premium reduction by executing

the waiver, it was possible for them to reasonably attribute this reduction to their waiver of intra-policy stacking only, as it relates to the four vehicles covered by the Erie policy. Further, Erie should have been aware of the potential defect in the waiver provision in the context of multi-vehicle policies and, it was free to supplement it or otherwise fulfill its obligation to secure a knowing waiver of inter-policy stacking. Because the stacking waiver did not explicitly provide for inter-policy stacking, Decedent could not have made a knowing decision to do so when he signed the policy.

**B.**

Just because the stacking waiver provision was made ineffective by *Craley* does not automatically mean that Petrie is entitled to stacking because the household exclusion provision, if valid, would preclude the inter-policy stacking sought here. The validity of the household exclusion provision was addressed recently in *Gallagher v. GEICO Indem. Co*., 201 A.3d 131 (Pa. 2019). Petrie contends that *Gallagher* makes the household exclusion also inoperative to waive stacked inter-policy coverage.

In *Gallagher*, the insured had two insurance policies with the same company — one for his motorcycle and one for his cars. The insured opted for and paid for stacked UM and UIM coverage when purchasing both policies. While riding his motorcycle, the insured was involved in an accident and was injured. The insured recovered the full policy limits of UIM coverage available under the motorcycle policy. However, when the insured filed a claim for UIM

coverage under the automobile policy, the insurance company denied the claim because the insured was injured while riding the motorcycle and the household exclusion provision precluded him from receiving stacked UIM coverage under that policy.

In holding that the household exclusion provision did not bar inter-policy stacking, our Supreme Court first stated that under Subsection 1738(a) of the MVFRL, stacked UM/UIM coverage is the default coverage available to every insured and provides stacked coverage on all vehicles and all policies. *See id.* It went on to note that:

> Importantly, the MVFRL makes clear that to effectuate a waiver of UM/UIM coverage, an insurer must provide the insured with a statutorily-prescribed waiver form, which the named insured must sign if he wishes to reject the default provision of stacked coverage. *Id.* at § 1738(d). This waiver provision has the salutary effect of providing insureds with **detailed notice and knowledge** of their rights to UM/UIM coverage absent such formal waiver.

*Id.* at 137 (emphasis added). It then found that the household exclusion provision could not act as a stacking waiver because:

> This [household exclusion] policy provision, buried in an amendment, **is inconsistent with the unambiguous requirements of Section 1738 of the MVFRL *under the facts of this case*** insomuch as it acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that [insured] did not sign the statutorily-prescribed UIM coverage waiver form. Instead, [insured] decided to purchase stacked UM/UIM coverage under both of his policies, and he paid [insurers] premiums commensurate with that decision. He simply never chose to waive formally stacking as is plainly required by the MVFRL.

*Id.* at 138-39 (emphasis added).

- 12 -

Erie argues that *Gallagher* does not apply because it was a "narrow"[6] decision limited to its facts of that case that are not present here. They contend that, unlike in *Gallagher*, the policies here were from two different companies and the Decedent did not purchase stacking in either policy. However, if it wanted the holding in *Gallagher* to be that narrow, our Supreme Court would have simply held that where you had two different stacked policies from the same insurance company, absent an express waiver conforming to Section 1738, the household exclusion provision did not prevent stacking because the insured paid for stacking in both policies.

Instead of that narrow holding, our Supreme Court issued a broad holding that the household exclusion provision cannot be used to skirt the express requirement under Section 1738 that an insurer must receive an insured's written acknowledgement that he knowingly decided to waive stacked UM/UIM coverage. *See id.* at 138. That holding is not limited to the facts set forth in *Gallagher*, but one that finds that the exclusion is inconsistent with the requirements of Section 1738 of knowing waiver – a holding that is applicable to all policies for automobile insurance. Moreover, just because Decedent did not purchase stacking or the polices are from two

---

[6] The contention that the decision is narrow comes from footnote 8 in the opinion where it states, "[o]ur focus here is narrow." *Gallagher*, *supra* at 138 n.8. However, that phrase was written to explain that the majority's opinion did not endanger other, non-household coverage exclusions such as "exclusions related to racing and other inherently dangerous activities" and does not narrow the scope of its holding as to the household exclusion. *Id.*

- 13 -

different companies is irrelevant because Section 1738 requires a knowing waiver of stacking from whom the insurance is being obtained- in this case, Erie.

Accordingly, because **Gallagher** found the household exclusion provision inconsistent with Section 1738 of the MVFRL requirement that insureds knowingly waive stacked coverage, and **Craley** found the present stacking waiver provision was not sufficient for an insured to make a knowing decision to waive stacked coverage, the trial court's grant of judgment on the pleadings is reversed and the matter is remanded to the trial court.[7]

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: _11/18/2020_

---

[7] We recognize that our Supreme Court recently granted the Petition for Certification of Question of Law filed by the United States Court of Appeals for the Third Circuit in **Donovan v. State Farm**, 2020 WL 4580633 (Pa. filed July 24, 2020), and will address the issue that controls this decision. Specifically, the Court will consider: "Is a named insured's signing of the waiver form set out at 75 Pa.C.S. § 1738(d) sufficient to waive inter-policy stacking of underinsured motorist benefits under Pennsylvania's Motor Vehicle Financial Responsibility Law, where the policy insures more than one vehicle at the time the form is signed?" However, we are bound to apply the law as it currently exists.