NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-3222

NATIONAL GENERAL INSURANCE COMPANY,

Appellant

v.

MARK SHELDON

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00212)
District Judge: Honorable Cathy Bissoon

Argued July 7, 2021

Before: AMBRO, JORDAN, and BIBAS, Circuit Judges

(Filed July 14, 2021)

Robert E. Dapper, Jr.
Daniel J. Twilla (Argued)
Burns White
Burns White Center
48 26th Street
Pittsburgh, PA 15222

        Counsel for Appellant

Scott B. Cooper
Schmidt Kramer
209 State Street
Harrisburg, PA 17101

James C. Haggerty (Argued)
Haggerty Goldberg Schleifer & Kupersmith
1835 Market Street
Suite 2700
Philadelphia, PA 19103

Michael J. Koehler
Nicholas Perot Smith Koehler & Wall
2527 West 26th Street
Erie, PA 16506

Counsel for Appellee

_____

OPINION[*]

_____

AMBRO, Circuit Judge

In 2011, Mark Sheldon purchased a motorcycle and opted to insure it with

Dairyland Insurance Company instead of National General Insurance Company, his

automobile insurer. After he was injured in a motorcycle accident in 2017, Sheldon

recovered from the underinsured driver who hit him as well as from his underinsured

motorist (UIM) coverage through Dairyland. Still not fully compensated for his injuries,

Sheldon then requested a payout from his UIM coverage with National General. It

denied the claim and sued in District Court[1] for a declaration that it did not need to pay

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332 because National General is incorporated and has its principal place of business in North Carolina; Sheldon is a resident of Pennsylvania; and the amount in controversy exceeds $75,000. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's

Sheldon, pointing to a provision in its policy (the "household vehicle exclusion") that excluded coverage for accidents occurring while Sheldon was operating a household vehicle that was not insured on its policy (*i.e.*, his motorcycle). While admitting the plain language of the policy precluded coverage, Sheldon argues that the household vehicle exclusion in National General's policy is invalid under Pennsylvania law. The District Court agreed, granting summary judgment against National General. Because we conclude the result is dictated by the Pennsylvania Supreme Court's decision in *Gallagher v. GEICO Indemnity Co.*, 201 A.3d 131 (Pa. 2019), we affirm.

I.

In 1990, Pennsylvania amended its Motor Vehicle Financial Responsibility Law (MVFRL) to codify a default rule of automobile insurance stacking for UIM coverage. 1990 Pa. Legis. Serv. 1990-6 (West) (codified at 75 Pa. C.S.A. § 1738). When a person insures more than one vehicle with UIM coverage, the statutory default is that the policies will stack. 75 Pa. C.S.A. § 1738(a); *Gallagher*, 201 A.3d at 137. That is, the insured person is entitled to coverage equal to the "sum of the limits for each motor vehicle as to which [he] is an insured." *Id.* at § 1738(a). An insured person may only waive the default rule of stacking by signing and dating a standard rejection form set out in the statute. *Id.* at § 1738(d)–(e). If an insured person signs a waiver, insurers are statutorily obligated to reduce his premiums. *Id.* at § 1738(c).

---

grant of summary judgment. *Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2006).

3

For years, Pennsylvania courts had rejected challenges to household vehicle exclusions, like the one at issue in National General's policy, under the MVFRL.  *See, e.g.*, *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 748–49, 755 (Pa. 2002); *Erie Ins. Exch. v. Baker*, 972 A.2d 507, 508 (Pa. 2009); *Gov't Emp. Ins. Co. v. Ayers*, 955 A.2d 1025, 1030 (Pa. Super. Ct. 2008), *aff'd by an equally divided court*, 18 A.3d 1093 (Mem) (Pa. 2011).  That changed in 2019, when the Pennsylvania Supreme Court held that a household vehicle exclusion was invalid because it violated the State's statute on insurance stacking, 75 Pa. C.S.A. § 1738.  *Gallagher*, 201 A.3d at 132.

In that case, Gallagher had sought both motorcycle and auto insurance from GEICO.  The company insured the motorcycle, but on a policy that was separate from his auto policy.  *Id.* at 132–33.  After Gallagher was injured in a motorcycle accident, GEICO only provided the UIM coverage amount listed in his motorcycle policy, refusing to provide the additional UIM coverage in his separate auto policy because of the household vehicle exclusion.  *Id.*  Gallagher argued that the exclusion violated the MVFRL because it effectively barred stacking his UIM coverage across all of his policies and did so in a manner that did not comply with Pennsylvania's written-waiver requirement.  *Id.*  The Pennsylvania Supreme Court agreed, holding that "the household vehicle exclusion strips an insured of default [UIM] coverage without requiring an insurer to demonstrate, at a bare minimum, that the insured was even aware that the exclusion was part of the insurance policy. This practice runs contrary to the MVFRL and renders the household vehicle exclusion invalid and unenforceable." *Id.* at 138.

4

II.

National General's primary argument is that this case is distinguishable from *Gallagher* because it involves two different insurers and because it had no knowledge of Sheldon's motorcycle. Facially, we acknowledge that National General's position is colorable and supported by policy arguments. As a practical matter, the insurance company in *Gallagher* was better situated to consider the risks posed by the insured's motorcycle compared with National General in this case. Sheldon, when he signed a policy containing the household vehicle exclusion, entered a contract that on its face would clearly not cover his motorcycle accident and paid an agreed price for that coverage. Invalidating that exclusion, in some sense, would provide Sheldon "benefits for which []he has not paid." *Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 810 (3d Cir. 2003). And especially plausible is the argument that "these exclusions [go] to the scope of the [UIM] coverage in the first instance, before stacking questions are reached." *Baker*, 972 A.2d at 515 (Saylor, J., concurring).

However, our task is not to set Pennsylvania policy, and we are not writing on a blank slate. Principles of federalism command that the Pennsylvania Supreme Court has the last word on issues of Commonwealth law. Where that Court has decided an issue, it is our role to apply its law to our cases. And even when its cases do not squarely decide the state law issue before us, we must predict how that Court would resolve it. *See Travelers Indem. Co. of Ill. v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997).

Here, we predict the Pennsylvania Supreme Court would apply the holding of *Gallagher* to this case. While it is true that Gallagher's situation is factually distinct from

5

Sheldon's, the Court's broad holding and reasoning is not limited to cases involving one insurer or to cases where the insurer knew about other household vehicles. To the contrary, the Court "recognize[d] that [its] decision may disrupt the insurance industry's current practices" including in cases, like this one, "when multiple policies or insurers are involved." *Gallagher*, 201 A.3d at 138 n.6. The Court appears to have considered the implications of that broad holding, but remained "confident that the industry can and will employ its considerable resources to minimize [its] impact," such as by expanding disclosure obligations. *Id.*

We are satisfied that our conclusion accurately predicts how the Pennsylvania Supreme Court would resolve the present issue because it comports with a recent decision of the Pennsylvania Superior Court, which said in a similar case that the "holding [of *Gallagher*] is not limited to the facts set forth [there], but one that finds that the exclusion is inconsistent with the requirements of Section 1738 of knowing waiver - a holding that is applicable to all policies for automobile insurance." *Erie Ins. Exch. v. Petrie*, 242 A.3d 915, 922 (Pa. Super. Ct. 2020), *appeal docketed*, No. 77 MAL 2021 (Pa. Feb. 18, 2021)*; see generally DiBartolo*, 131 F.3d at 348 ("Applicable decisions of the Superior Court must be accorded significant weight."); *Hughes v. Long*, 242 F.3d 121, 128 (3d Cir. 2001) (explaining that decisions of the Pennsylvania intermediate courts are instructive in predicting how the Pennsylvania Supreme Court would resolve the issue).

\* \* \* \* \*

6

The Pennsylvania Supreme Court's decision in *Gallagher* compels a conclusion that National General's household vehicle exclusion is invalid under Pennsylvania law. We thus affirm.