**[J-110-2020] [MO:Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COREY DONOVAN; LINDA DONOVAN, | : | No. 17 EAP 2020 |
| | : | |
| Appellees | : | Petition for Certification of Question |
| | : | of Law from the United States Court |
| | : | of Appeals for the Third Circuit |
| v. | : | |
| | : | ARGUED: December 1, 2020 |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                                    **DECIDED: August 17, 2021**

I join the Majority Opinion in full. For the reasons I detail below, however, my joinder is a reluctant one as it relates to the third certified question of law.

In *Gallagher v. GEICO Indemnity Insurance Co.*, 201 A.3d 131 (Pa. 2019), this Court held that household vehicle exclusions—clauses that preclude UM and UIM coverage for injuries occurring while a claimant is occupying a household vehicle that is either uninsured or insured on a separate policy—act as "a *de facto* waiver" of stacked coverage and therefore conflict with Section 1738 of the Motor Vehicle Financial Responsibility Law ("MVFRL").[1] *Gallagher*, 201 A.3d at 138. I dissented in *Gallagher*

---

[1]     *See* 75 Pa.C.S. § 1738(a) ("When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured."); *but see id.* § 1738(b) ("Notwithstanding the provisions of subsection (a), a named insured may

both because the decision ignored binding precedent and because the Court's flimsy "*de facto* waiver*" rationale is at odds with the text of the MVFRL.  *See id.* at 139, 141 (Wecht, J., dissenting) (citing *Erie Ins. Exch. v. Baker*, 972 A.2d 507, 511 (Pa. 2008) (OAJC) (rejecting the argument "that the household exclusion is a 'disguised waiver' which skirts the express waiver requirements of the MVFRL")).[2]  I continue to believe that *Gallagher* was wrongly decided for those same reasons.

Despite the *Gallagher* Majority's best efforts to present its decision as a narrow one,[3] the enormity of the Court's blunder quickly became apparent as state and federal courts struggled to apply (and make sense of) *Gallagher*'s reasoning.[4]  Unfortunately, the

---

waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.").

[2]      Though the lead opinion in *Baker* was a three-Justice Opinion Announcing the Judgment of the Court, a clear majority of the Court agreed that the household vehicle exclusion is not a "disguised waiver" of stacking that skirts the MVFRL's express waiver requirements.  *See Baker*, 972 A.2d at 510; *id.* at 515 (Saylor, J., concurring) (agreeing that "the amendments to the MVFRL codified at Section 1738 do not invalidate long-standing policy exclusions").

[3]      *Compare Gallagher*, 201 A.3d at 139 n. 6 (Pa. 2019) ("If, at some later date, the Court is presented with issues regarding the validity of other UM or UIM exclusions, then we will address them at that time.  Our focus here is narrow, regardless of the Dissent's lament to the contrary."), *with* Majority Opinion at 29 ("Based upon the same reasoning as in *Gallagher*, we conclude that the coordination of benefits provision cannot operate as a *de facto* waiver of inter-policy stacking.").

[4]      *See* Max Mitchell, *New Class Actions Pile Up in Wake of Pa. Justices' 'Seismic' Stacking Ruling*, THE LEGAL INTELLIGENCER (Feb. 1, 2019), https://www.law.com/thelegalintelligencer/2019/02/01/new-class-actions-pile-up-in-wake-of-pa-justices-seismic-stacking-ruling; *see also Shepherd v. Talotta*, 2021 WL 1582400, at *5 (E.D. Pa. 2021) (declining to apply *Gallagher* in a case involving a regular-use exclusion); *Erie Ins. Exch. v. King*, 246 A.3d 332, 343 (Pa. Super. 2021) (interpreting *Gallagher* narrowly); *Erie Ins. Exch. v. Petrie*, 242 A.3d 915, 922 (Pa. Super. 2020) (interpreting *Gallagher* broadly); *Dunleavy v. Mid-Century Ins. Co.*, 460 F.Supp.3d 602, 608 n. 1 (W.D. Pa. 2020) ("*Gallagher* is, truth be told, a bit puzzling.").

decision is not susceptible to a coherent limiting principle. As I warned in my dissent, *Gallagher* necessarily renders unenforceable all sorts of common policy exclusions, including the coordination of benefits provision before us today, simply because they, in effect, limit the availability of stacked coverage.[5] This was not the General Assembly's intent when it required that insurers either provide stacked coverage or secure a signed waiver from the insured.

Regardless, *Gallagher* is now the law. And while the text of the MVFRL does not require that we invalidate unambiguous and otherwise valid coverage exclusions, the judicially invented rule that the Court announced in *Gallagher* does. In other words, today's decision is correct, but only in the sense that it faithfully applies our precedent. Until this Court renounces *Gallagher*'s rationale—or the General Assembly amends the MVFRL to clarify the original intent of the statute—confusion likely will persist in this area. Sadly, that means that we Justices will continue "to remain in the exclusion-umpiring business for the foreseeable future." *Gallagher*, 201 A.3d at 142 n. 5 (Wecht, J., dissenting).

*Gallagher* was a mistake, but we all must live with it now.

I join the Majority Opinion.

---

[5] *Gallagher*, 201 A.3d at 143 (Wecht, J., dissenting) ("The Majority overlooks the fact that today's decision necessarily would prohibit the enforcement of any exclusion that prevents an insured in Gallagher's situation from collecting stacked UM or UIM benefits."); *id.* at 141 (explaining that the Majority's decision "will have consequences far beyond this case"); *id.* at 141-42 ("If GEICO's household vehicle exclusion is unenforceable because, as the Majority tells us, it "acts as a *de facto* waiver of stacking," then all UM/UIM exclusions must necessarily be unenforceable.").