J-S34001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ATLANTIC STATES INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JUANITA GREEN, INDIVIDUALLY AND AS ADMINSTRATRIX OF THE ESTATE OF ISAAC GREEN | : | No. 877 MDA 2021 |
| Appellant | : | |

Appeal from the Order Entered June 24, 2021
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019-CV-1885-CV

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:         **FILED: FEBRUARY 17, 2022**

Appellant, Juanita Green, appeals from the order entered in the Court of Common Pleas of Dauphin County granting summary judgment in favor of Appellee, Atlantic States Insurance Company ("Atlantic") in this declaratory judgment action. Appellant challenges the trial court's finding that the "household vehicle" exclusion clause in her policy with Atlantic is enforceable to preclude her from recovering underinsured motorist coverage ("UIM") benefits. After careful review, we affirm.

On July 19, 2018, Isaac Green ("Green") suffered fatal injuries when another driver negligently hit the motorcycle Green was operating. Green had insured the motorcycle under a policy of insurance issued by Progressive

Insurance Company. Before the crash, Green had executed a valid rejection of UIM coverage under the Progressive policy.[1]

Green and Appellant, his wife, also maintained a policy of automobile insurance with Atlantic providing for $100,000 per person in UIM coverage, stacked on three vehicles (the "Atlantic Policy"). Green's motorcycle was not insured on this policy. The Atlantic Policy included a "household vehicle" exclusion precluding UIM coverage "for 'bodily injury' sustained:[] By you while 'occupying' or when struck by any motor vehicle you own or lease which is not insured for this coverage under this policy." Trial Ct. Op., 7/26/21, at 2 n.1.

On March 18, 2019, Atlantic filed the underlying declaratory judgment action seeking a judicial determination of whether the "household vehicle" exclusion in the Atlantic Policy was enforceable to deny Appellant UIM benefits under the policy.[2] On January 6, 2021, after the completion of discovery, Atlantic filed a Motion for Summary Judgment, averring that the "household vehicle" exclusion precluded coverage by its basic terms because, at the time

---

[1] "UIM coverage is triggered when the tortfeasor's liability coverage is not sufficient to cover the injuries incurred in an accident." ***Generette v. Donegal Mut. Ins. Co.***, 957 A.2d 1180, 1189 (Pa. 2008). "Stacking" refers to the combination of insurance coverage of individual vehicles to increase the amount of total coverage available to an insured. ***Erie Ins. Exch. v. Petrie***, 242 A.3d 915, 917 n.2 (Pa. Super. 2020).

[2] After Atlantic filed this action, Appellant settled with the at-fault driver for the limits of the driver's liability insurance coverage.

of the crash, Green was operating a motor vehicle not insured on the Atlantic Policy.

On June 24, 2021, the trial court granted summary judgment in Atlantic's favor, declaring that Atlantic had no obligation to provide UIM coverage to Appellant for Green's death. Appellant timely filed a Notice of Appeal and both she and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

> Did the [t]rial [c]ourt err by failing to rule that the household [vehicle] exclusion in [Atlantic's] auto insurance policy issued to [] Appellant was enforceable when the Pennsylvania Supreme Court ruled that household [vehicle] exclusions are void and unenforceable as violative of the Pennsylvania Motor Vehicle [Financial] Responsibility Law, 75 Pa.C.S. § 1701 et. seq. [*S*]ee, *Gallagher v. GEICO*[ *Indemn. Co.*]*,* 201 A.3d 131 (Pa. 2019)?

Appellant's Br. at 8.

When reviewing the trial court's grant of summary judgment, we view the record in the light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Kline v. Travelers Personal Security Ins. Co.*, 223 A.3d 677, 685 (Pa. Super. 2019). We may reverse only if the court committed an error of law or abuse of discretion. *Id.*

In the instant case, in granting summary judgment in Atlantic's favor, the trial court explained that "*Erie Ins. Exch. v. Mione*, [253 A.3d 754 (Pa. Super. 2021), *appeal granted*, 326 MAL 2021 (Pa. filed Nov. 30, 2021)] is dispositive and prohibits [Appellant] from obtaining the [UIM] benefits it seeks

from [Atlantic]." Trial Ct. Or., 6/24/21, at 1. "In **Mione**, the Superior Court held that the household [vehicle] exclusion is not invalid, under facts substantively identical to those presented in this matter." Trial Ct. Op., 7/26/21, at 2.

Although **Mione** is crucial to our analysis, we begin with our Supreme Court's recent decision in **Gallagher v. GEICO Indemn. Co.**, 201 A.3d 131 (Pa. 2019), which bears on the validity of "household vehicle" exclusions in automobile insurance policies in Pennsylvania. Gallagher suffered injuries in a motorcycle accident. At the time of the accident, he maintained two policies of insurance with GEICO – one for his motorcycle and one for his personal automobiles. Gallagher paid for stacked UIM coverage on both policies. GEICO paid Gallagher's UIM claim on his motorcycle policy, but denied his UIM claim on his automobile policy, reasoning that the automobile policy's "household vehicle" exclusion precluded coverage. The trial court granted summary judgment in GEICO's favor in an ensuing declaratory judgment action, and we affirmed.

On appeal, our Supreme Court concluded that the "household vehicle" exclusion was unenforceable under Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1738, because the exclusion impermissibly acted as a *de facto* waiver of stacked UIM coverage. **Id.** at 137-38. The Court determined the "household vehicle" exclusion

- 4 -

is inconsistent with the unambiguous requirements [of] Section 1738 of the MVFRL under the facts of this case insomuch as it acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily-prescribed UIM coverage waiver form. Instead, Gallagher decided to purchase stacked UM/UIM coverage under both of his policies, and he paid GEICO premiums commensurate with that decision. He simply never chose to waive formally stacking as is plainly required by the MVFRL.

*Id.* at 138.

In ***Mione***, 253 A.3d at 760-63, this Court interpreted and applied the ***Gallagher*** decision to facts similar to those in the present appeal. Mione was operating a motorcycle when he was involved in a motor vehicle accident. Mione insured the motorcycle with a policy from Progressive under which he had rejected UIM coverage. Mione was a named insured on two additional automobile insurance policies issued by Erie Insurance under which Appellant had paid for stacked UIM coverage. The motorcycle was not a covered vehicle on either Erie policy. Mione sought to recover UIM benefits under the Erie policies.

Erie filed a declaratory judgment action arguing that "household vehicle" exclusions found in the Erie policies precluded Mione from recovering UIM benefits.[3] The trial court entered judgment in Erie's favor, reasoning that Mione had "rejected UIM benefits on his Progressive Motorcycle Policy, which means that there is no underlying policy to 'stack' the Erie Auto Policy benefits onto." *Id.* at 758 (citing Trial Ct. Or., 6/26/20, at 2 n.2).

---

[3] The "household vehicle" exclusions in ***Mione*** were substantially similar to the exclusion in the instant case. ***See Mione***, 253 A.3d at 757 n.6.

- 5 -

This Court affirmed. We concluded that **Gallagher** does not invalidate "household vehicle" exclusions in all cases. Instead, a "household vehicle" exclusion is unenforceable only where it acts as a *de facto* waiver of stacked coverage in the absence of a valid rejection form. **Id.** at 765-66. Citing **Eichelman v. Nationwide Ins. Co.**, 711 A.2d 1006, 1010 (Pa. 1998),[4] we held that "a clear and unambiguous household [vehicle] exclusion is enforceable where the insured was operating a vehicle at the time of the accident that was covered by a separate policy not providing the insured with [UIM] coverage because the insured had voluntarily, and validly, waived such coverage." **Mione**, 253 A.3d at 768. Since Mione did not purchase UIM coverage on his motorcycle, he could not recover under the Erie policies. **Id.** at 768.

In the instant case, the crux of Appellant's argument on appeal is that the trial court erred in determining that **Mione** required it to find that the "household vehicle" exclusion in the Atlantic Policy barred Appellant's UIM claim, given our Supreme Court's decision in **Gallagher**. Appellant's Br. at 12-17. Appellant argues that **Gallagher** uniformly invalidated all "household vehicle" exclusions in Pennsylvania. **Id.** at 14-15.

---

[4] In **Eichelman**, 711 A.2d at 1010, the appellant had rejected UIM coverage on the vehicle in which he suffered injuries. He sought to access UIM benefits under his parent's automobile insurance policies as a "resident relative." Our Supreme Court concluded that a "household vehicle" exclusion in the parent's policies was enforceable to preclude the appellant from accessing UIM benefits under the policies because he had rejected UIM benefits on his own policy.

After careful review of the facts and the law as it currently stands, we must disagree with Appellant's contention. We are bound by prior decisions of this Court unless and until they are overruled by an *en banc* panel or a higher court. ***See Erie Ins. Exch. v. Sutherland***, 260 A.3d 115, 2021 WL 2827321 at *11 (Pa. Super. filed July 7, 2021) (non-precedential decision applying ***Mione***). Accordingly, we are constrained to agree with the trial court that ***Mione*** is dispositive. ***Mione*** is factually indistinguishable from the present case. In both cases the insured suffered injuries while operating a motorcycle on which he had validly rejected UIM coverage. Additionally, the insured maintained a policy of automobile insurance on which he had paid for stacked UIM coverage, the motorcycle was not a covered vehicle under the automobile insurance policy, and the automobile insurance policy included a "household vehicle" exclusion precluding coverage for injuries suffered while operating the motorcycle. We are, thus, bound by ***Mione***'s conclusion that ***Gallagher*** does not invalidate the "household vehicle" exclusion on the instant facts and, as a result, we affirm the trial court's grant of summary judgment in Atlantic's favor.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/17/2022</u>